IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>DR. CHAPNICK, et al.,<br><br>Defendants. | No.  2:22-CV-1222-DAD-DMC-P<br><br><br><br>ORDER |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff, as here, was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

In order to survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). The mere possibility of misconduct will not suffice to meet this standard. See id. at 679. Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants that support the claims, vague and conclusory allegations fail to satisfy this standard.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiffs names the following Defendants (1) Chapnick, Chief Medical Executive Officer at Deuel Vocational Institution ("DVI"); (2) L. Bird, Warden at DVI; (3) Navarro, Lieutenant at DVI; (4) Holt, Sergeant at DVI; and (5) Does 1 through 25, state identities yet unknown. See ECF No. 1, pgs. 1-2. It is unclear whether Defendants are being sued in their individual or official capacity, or both. See id. Plaintiff alleges generally violations of the Eighth Amendment. See id., pg. 3.

Specifically, Plaintiff alleges that he was transferred from California State Prison, Solano to DVI due to the extra space available at DVI, allowing for inmates, including Plaintiff, to be single-celled in order to practice social distancing. See id. Throughout 2020, Plaintiff was housed in a single-cell and tested negative for the Covid-19 virus on several occasions. See id. In January, 2021, Governor Newsom issued the Executive Stay-At-Home order to limit the

transmission of the virus. See id. On January 7, 2021, Defendants Holt and Navarro met with the inmates housed in the F-Wing and informed them that they would be involuntarily moved to the G-Wing, which, Plaintiff alleges, was "in the midst of a Covid-19 outbreak" that "caused multiple inmates to be infected and quarantined" "on a daily basis." Id., pgs. 3-4. Refusal to be moved to the G-Wing and accept cellmates would result in disciplinary action. See id., pg. 4. Defendants Holt and Navarro purportedly told Plaintiff they were to "disregard the executive order" and "they were expecting most, if not all, of the moved inmates to be infected with Covid-19," that Defendants Chapnick and Bird understood the risk of the inmates contracting the virus from the move to G-Wing, but that "the chain of command required them to execute the orders" issued by Defendant Chapnick and Bird. Id. According to Plaintiff, those inmates who refused to move to the G-Wing were disciplined, but none were infected with the virus. See id. On January 9, 2021, Plaintiff was moved to G-Wing and given a cellmate. See id. Thereafter, Plaintiff asserts on January 19, 2022, he tested positive for the Covid-19 virus.[1] See id., pg. 3. Plaintiff seeks unspecified damages. See id., pg. 5.

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer, 511 U.S. at 832. The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

///

---

[1] The Court is unclear whether, as alleged, Plaintiff contracted the virus in 2021 or almost a year later, in 2022. See id., pg. 3.

Under these principles, prison officials have a duty to take reasonable steps to protect inmate' safety. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982), abrogated on other grounds by Sandin, 515 U.S. 472; Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Generally, there is no question that Covid-19 is a serious communicable disease and poses a substantial risk of serious harm to those exposed. See e.g., Helling, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); see also Hutto v. Finney, 437 U.S. 678, 682-83 (1978); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); see, e.g., Wilson v. Williams, 961 F.3d 829, 840 (6th Cir. 2020) ("The Covid-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death."); Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("The Covid-19 pandemic is 'unprecedented,' and no one questions that it poses a substantial risk of serious harm to [prison inmates]." (citation omitted)); Burgess v. Newsom, No. 1:21-cv-00077-SAB (PC), 2021 WL 4061611, at *4 (E.D. Cal. Sept. 7, 2021) (stating "COVID-19 is a serious

communicable disease"), report and recommendation adopted by 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021).

However, in this instance, Plaintiff does not satisfy the objective requirement that he was incarcerated under conditions presenting a substantial risk of serious harm to him. Plaintiff's allegations that he was moved to G-Wing, required to accept a cellmate, and contracted the virus, whether in January 2021 or 2022, are speculative; Plaintiff does not allege facts to support a causal link between the move to G-Wing and contracting the virus, such as Plaintiff's cellmate was infected, he was required to mix with others known to have the virus, or that others he was required to engage with failed to use proper safety precautions. Plaintiff's allegations that the move caused his infection are speculative and conclusory.

Plaintiff also fails to satisfy the subjective requirement. The inquiry is not whether Defendants perfectly responded, complied with every guideline, or whether their efforts ultimately averted the risk; instead, the question is whether they reasonably responded or disregarded the risk. Plaintiff asserts that during the purported Covid-19 outbreak in G-Wing, infected inmates were transferred into quarantine on a daily basis. Thus, Defendants did not consciously disregard the risk of harm to Plaintiff because Defendants identified, tested, and moved to quarantine those inmates who had been infected with the virus, presumably to prevent infection to other inmates, including Plaintiff. Because Plaintiff has not alleged facts that the actions Defendants took in response to the alleged risk were not reasonable or that Defendants consciously disregarded any substantial risk of serious harm to Plaintiff, without more, Plaintiff fails to state a claim for a violation of Eighth Amendment. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 17, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE