IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CHAPNICK, et al.,<br><br>  Defendants. | No.  2:22-CV-1222-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss.  See ECF No. 20.  Defendants contend this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) because the allegation of poverty contained within Plaintiff's application for leave to proceed in forma pauperis (IFP) is not true.  See id.  Plaintiff opposes the motion.  See ECF Nos. 23 and 24.  Defendants filed a reply.  See ECF No. 25.  Upon leave of Court, Plaintiff filed a sur-reply.  See ECF No. 29.

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I.  APPLICABLE STANDARD

Under 28 U.S.C. § 1915(e)(2)(A), "notwithstanding any filing fee, the court <u>shall</u> dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).  A showing of bad faith is required to dismiss a complaint pursuant to § 1915(e)(2)(A).  See <u>Escobedo v. Applebee's</u>, 787 F.3d 1226, 1235 (9th Cir. 2015).

Courts have not been uniform in the application of § 1915(e)(2)(A).  Courts have, however, applied a consistent guiding analysis.  See <u>id.</u> at 1234.  Courts have concluded that where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than dismissal with prejudice.  <u>Camp v. Oliver</u>, 798 F.2d 434, 438 (11th Cir. 1986); <u>Mahone v. Pierce County</u>, No. C14-5665 BHS-KLS, 2014 U.S. Dist. LEXIS 170997, at *7-8 (W.D. Wash. 2014); <u>Jacobson v. Am. Honda Motor Co.</u>, No. CV 10-134-PK, 2010 U.S. Dist. LEXIS 80060, at *4-9 (recommending dismissal without prejudice where plaintiff failed to disclose income on IFP application but the evidence did not conclusively show intentional misrepresentation).  Another lesser sanction option is revocation of IFP status and requiring payment of the filing fee.  See <u>Witkin v. Sloan</u>, No. 2:16-cv-2950-JAM-EFB P, 2019 U.S. Dist. LEXIS 218427, at *7 (E.D. Cal. 2019).

Courts that have declined dismissal of an action under § 1915(e)(2)(A) based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application and the absence of a showing of bad faith.  See <u>Escobedo</u>, 787 F.3d at 1234 n.8 (dismissal not warranted where plaintiff claimed to be paying a certain amount in "rent" despite actually owning her home, because her mortgage payment was equivalent to a payment of rent and plaintiff owned no equity in the home); <u>see also</u> <u>Camp</u>, 798 F.2d at 438-39 (reversing district court's dismissal where there was no finding that plaintiff's inaccuracy foreclosed IFP eligibility); <u>Hammler v. Alvarez</u>, 2019 U.S. Dist. LEXIS 22837, at *2-5 (S.D. Cal. 2019) (dismissal not warranted where plaintiff failed to reveal over $1,000 in settlement funds because such funds were immediately and entirely used to pay plaintiff's restitution fines); <u>Ruffin v. Baldwin</u>, No. 18-cv-1774-NJR, 2018 U.S. Dist. LEXIS 203411, at *7-10 (S.D. Ill. Nov. 30,

2018) (dismissal not warranted where plaintiff did not list over $4,000 in settlement funds received in the six months preceding the application because the funds were revealed on the accompanying trust account statement, indicating no intent to conceal them, and because, by the date of the application, plaintiff had spent the money and was thus eligible for IFP); Griffin v. Moon, No. 1:12-cv-02034-LJO-BAM (PC), 2016 U.S. Dist. LEXIS 130812, at *7 (E.D. Cal. Sept. 23, 2016) (dismissal not warranted where plaintiff had received funds between 8 and 20 years prior to his IFP application and there was no evidence that he currently had such funds).

## II.  DISCUSSION

Defendants assert that this action must be dismissed under § 1915(e)(2)(A) because Plaintiff's allegation of poverty was untrue, intentionally misleading, and made in bad faith consistent with false allegations of poverty in two prior cases.  See ECF No. 20, pg. 3.  For the reasons discussed below, the Court does not agree.

### A.  **Plaintiff's Allegations of Poverty are Not Untrue**

When Plaintiff filed his application for IFP status, he was paroled as a transient and was later granted a pass to reside with his wife temporarily.  See ECF No. 20-1 at 2.  On July 7, 2022, Plaintiff submitted his request for IFP status.  See id.  On the same day, Plaintiff got married to his current wife, Rasheetah Foster.  See ECF No. 20 at 6.  Plaintiff did not disclose his wife's financial information in his request for IFP status.  See ECF No. 2. Plaintiff's wife was employed at Chevron Headquarters and had housing (Plaintiff's alternate address), but this information was not included in Plaintiff's IFP application.  See id. In Plaintiff's sur-reply, Plaintiff contends that he had no knowledge of any requirement to disclose his wife's financial status. See ECF No. 23 at 1, 5.

Plaintiff's parole officer listed Plaintiff's wife's residence as an alternate residence upon parole.  See ECF No. 20-1 at 2.  Plaintiff's IFP application indicated that Plaintiff was "transient" even though Plaintiff was permitted to reside with his wife temporarily.  See ECF 20-1 at 1.  Plaintiff asserts that the parole authorities gave him the transient designation even though Plaintiff intended to live with his wife. See ECF No. 23 at 5. Plaintiff's previous parole officer, N.

Coutoure, indicated that a Transfer Investigation Request was pending, and Plaintiff's residence was approved as "transient." See id. at 1. When Plaintiff presented Coutoure with a valid marriage certificate, Coutoure updated Plaintiff's residence of record to the alternate address pending the approval of the Transfer Investigation Report. See id. at 2. Plaintiff's report was later denied, and Plaintiff had to continue obtaining permission to continue traveling to and living at his wife's residence. See id. Based on these facts, Plaintiff properly disclosed his residence as "transient."

While Plaintiff failed to disclose his marital status in the IFP application, the Court is not convinced that Plaintiff intentionally misled the Court. Where spouses share their respective incomes, it may be appropriate to consider a spouse's income as a part of the analysis leading to the ruling on the IFP application. See Escobedo, 787 F.3d at 1236. Neither Plaintiff nor Defendants indicated that Plaintiff relies on or shares Plaintiff's wife's income. To the contrary, Plaintiff specifically states that he does not rely on his wife's finances. See ECF 29 at 3. The Court finds that Plaintiff did not deliberately try to conceal his marital status or his wife's financial status. Additionally, there is no evidence that Plaintiff's wife's finances would have changed the IFP determination in this case.

### B. Plaintiff Did Not Act in Bad Faith

Defendants assert that Plaintiff failed to provide financial information regarding his employed spouse and failed to provide accurate statements regarding his living situation on his IFP application. In support of this argument, Defendants identify two cases where Plaintiff was found to have made false allegations of poverty, specifically Witkin v. Sloan, et al., E. Dist. Cal. Case No. 2:16-cv-2950-JAM-EFB-P, and Witkin v. Lee, et al., E. Dist. Cal. Case No. 2:17-cv-0232-JAM-EFB-P. See ECF No. 20 at 4. Defendants also cite court record and note that Plaintiff is an experienced litigant and has been the plaintiff in sixteen cases against state prison officials for alleged civil rights violations. In each case, Plaintiff sought IFP status.

///

///

///

4

    Although Plaintiff is an experienced litigant and is aware of the rules governing IFP status, there is no indication in this case that Plaintiff knew about the necessary disclosure of his marital status and his wife's financial status.  The Court finds that Plaintiff's lack of knowledge does not amount to bad faith.

    Moreover, Plaintiff's two previous cases where allegations of poverty were found to be untrue are distinguishable from the current case as they involved misrepresentations related to settlement proceeds received by Plaintiff in other cases. See Witkin v. Sloan, et al., 2019 U.S. Dist. LEXIS 218427 (E.D. Cal. 2019); See also Witkin v. Lee, et al., 2020 U.S. Dist. LEXIS 86104 (E.D. Cal. 2020).  No evidence shows that Plaintiff had been married at the time of any previous IFP filing.  Thus, the current issue of alleged non-disclosure of spousal assets was not the basis of the prior rulings.

    Finally, as for Plaintiff's "transient" status, based on Plaintiff's previous parole officer's declarations, Plaintiff did not omit information regarding his living situation. From July 7, 2022, through his transfer to the Vallejo Parole office, Plaintiff had a travel permit to live with his wife in Vallejo. Plaintiff's previous parole officer (N. Coutoure) noted that Plaintiff initially sought to obtain a Transfer Investigation Request to allow Plaintiff to live with his then-fiancé. See ECF 20-1 at 1. That request was denied because they were not legally married. See id. When Plaintiff reported to Natomas Parole office, he provided a copy of his marriage certificate, which showed he was married on July 7, 2022. Plaintiff's residence of record was updated to the Alternate Address pending the Transfer Investigation Report. See id. at 2. In turn, Plaintiff was permitted to travel and stay at Plaintiff's alternate address at his wife's residence until his transfer request was completed. Plaintiff was denied his transfer request and was subsequently issued multiple travel passes to continue living with his wife at the listed alternate address. The Court finds Plaintiff did not falsely report his "transient" residence, as that was the residence approved by Plaintiff's parole officer at the time of his release. Even if reporting as "transient" were technically untrue, the Court cannot find that Plaintiff was acting in bad faith.

///

///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A), ECF No. 20, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE